IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

   v.            Case No. 18-20088-01-JAR

JACOB R. CLEM,

   Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Jacob R. Clem's *pro se* Motion for

Compassionate Release (Doc. 90) pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons

explained below, Clem's motion is denied.

I.  **Background**

On January 13, 2020, Clem pleaded guilty to one count of distribution of

methamphetamine, in violation 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, pursuant to a Fed. R.

Crim. P. 11(c)(1)(C) plea agreement.[1]  On August 19, 2020, the Court sentenced Clem to a

96-month term of imprisonment and a three-year term of supervised release.[2]

Clem is incarcerated at FCI Greenville in Illinois.  The Bureau of Prisons ("BOP")

reports that 745 inmates have tested positive for COVID-19 out of 1,188 tested at this facility.[3]

The BOP further reports that there are three active inmate cases, thirteen active staff cases, and

---

[1] Doc. 66.

[2] Doc. 84.

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Feb. 3, 2021).

zero inmate deaths at FCI Greenville.[4]  Clem is twenty-nine years old, and his projected release date is September 16, 2025.

On December 10, 2020, Clem filed a motion requesting compassionate release due to his underlying medical condition of asthma, which "makes him more susceptible to contracting and succumbing to the COVID-19 virus" while in prison.[5]  In addition, Clem seeks release to help care for his grandfather, who "suffers from advance[d] congestive heart failu[re], has a pacemaker, [and] arthritis in his back[,] which prevents him from standing on his own [and] leav[es] him with decreased mobility." [6]  Clem claims there is no one to care for his grandfather because his mother, who previously cared for his grandfather, now suffers from cervical cancer. Clem asks that his sentence be reduced to time served and requests to serve his remaining term of imprisonment in home confinement.

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The FPD has notified the Court that it does not intend to enter an appearance in Clem's case.  Accordingly, Clem proceeds *pro se*.

---

[4] *Id.*

[5] Doc. 90 at 2.

[6] *Id.* at 5.

## II.      Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[7]  18 U.S.C. § 3582(c) permits a court to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[8]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[9]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[10]  In addition, a court must ensure that any reduction in a

---

[7] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that, without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1117–18 (D. Kan. 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).

[10] 18 U.S.C. § 3582(c)(1)(A).

defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[11]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary and compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[12]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.

## III.    Discussion

### A.      Exhaustion

Clem alleges that he satisfied the exhaustion requirement described in § 3582(c).  Clem states that he "[w]rote the warden of FCI Greenville on October 25, 2020 requesting

---

[11] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[12] U.S.S.G. § 1B1.13 cmt. n.1.

compassionate release" and "the 30 days ha[ve] lapse[d], with no response."[13]  The government, however, states that its review of records obtained from the BOP do not indicate any such request.  In light of the government's response, Clem subsequently submitted a letter to the Court explaining that he is "in the pro[cess] of getting [the Court] a [c]opy of [his letter to the warden] []now."[14]  The Court need not resolve this dispute because, even assuming Clem properly exhausted his administrative remedies, a sentence reduction is not warranted in this case.

### B.    Extraordinary and Compelling Reasons

As explained above, under the relevant provision of § 3582(c)(1)(A)(i), a court may grant a sentence reduction if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[15]  Here, Clem asserts that his family circumstances and his underlying medical conditions constitute extraordinary and compelling reasons for a sentence reduction.

First, Clem claims that his family circumstances justify reducing his release because he needs to care for his ailing grandfather.  Family circumstances can sometimes qualify as extraordinary and compelling reasons for a sentence reduction.  The "family circumstances" application note to § 1B1.13 lists specific two circumstances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[16]  Given this guidance, some courts have found that extraordinary and compelling reasons for a sentence reduction may exist when a defendant is

---

[13] Doc. 90 at 1.

[14] Doc. 95.

[15] 18 U.S.C. § 3582(c)(1)(A)(i).

[16] *Id.*

the only available caregiver for an incapacitated close family member, even if that family member is not a spouse or registered partner, because the relationship is akin to those contemplated by the Guidelines.[17]

Even if the Court agrees that a defendant's role as the as the only available caregiver for an ailing, close family member is an extraordinary and compelling reason justifying compassionate release, Clem fails to show that he is the "only available caregiver" for his grandfather.[18]  Clem contends that his mother, who previously cared for his grandfather, can no longer provide care because her cancer treatments make it "hard for her to do anything" during the COVID-19 pandemic.[19]  But Clem does not address the availability of his other family members.  Clem's Presentence Investigation Report indicates that his wife, father, and four siblings all reside in Atchison County, Kansas, where Clem's grandfather lives.[20]  Because Clem does not show that he is the "only available caregiver" for his ailing grandfather, the Court cannot conclude that Clem's family circumstances amount to an extraordinary and compelling reason warranting compassionate release.[21]

Second, Clem contends that his underlying health condition of asthma places him at an increased risk of serious illness or death should he contract COVID-19.  Per Department of Justice policy and Centers for Disease Control and Prevention guidance, a medical condition of moderate to severe asthma in the context of the COVID-19 pandemic constitutes an

---

[17] *See, e.g.*, *United States v. Bucci*, 409 F. Supp. 3d 1, 2–3 (D. Mass. 2019) (parent).

[18] U.S.S.G. § 1B1.13 cmt. n.1(C)(ii).

[19] Doc. 90 at 5.

[20] Doc. 70 ¶¶ 52, 54.

[21] U.S.S.G. § 1B1.13 cmt. n.1(C)(ii).

extraordinary and compelling reason to reduce his sentence.[22]  When balanced with the

18 U.S.C. § 3553(a) sentencing factors, however, Clem fails to demonstrate a situation so severe

that release is warranted.

> **C.     Section 3553(a) Factors**

The Court may not grant a sentence reduction before considering the sentencing factors

enumerated in 18 U.S.C. § 3553(a).  That statute requires courts to "impose a sentence sufficient,

but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and
> characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for
>> the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational
>> training, medical care, or other correctional treatment in the most
>> effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence[s] and the sentencing range established for . . .
> the applicable category of offense committed by the applicable category of
> defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing
> Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants
> with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[23]

While the Court takes all seven § 3553 factors into account, those most pertinent to Clem's case

are the nature and circumstances of the offense, the history and characteristics of the defendant,

the need for the sentence imposed to reflect the seriousness of the offense, and the need to

---

[22] The Court notes that the CDC does not affirmatively list asthma as a condition that places an individual at an increased risk of severe illness from COVID-19, but rather as a condition that *might* place an individual at increased risk for severe illness.  CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus /2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 3, 2021).

[23] 18 U.S.C. § 3553(a).

provide adequate deterrence.  In consideration of these factors, the Court concludes that releasing Clem now would not leave him with a sentence that is "sufficient, but not greater than necessary."[24]

Pursuant to a binding plea agreement, Clem is serving a 96-month sentence with a three-year supervised release term, well below his Guidelines range of 235 to 240 months.[25]  Clem pleaded guilty to the serious offense of distribution of methamphetamine, and was deemed responsible for 163.16 grams of "ice" methamphetamine.[26]  This offense was not Clem's first felony—his prior felony convictions include aggravated assault, burglary, and theft—resulting in a substantial criminal history category VI classification.[27]  During the traffic stop in which law enforcement confiscated 111.028 grams of the methamphetamine, officers also located four firearms, two of which were within the vicinity of Clem.[28]  Further, following Clem's arrest, a copy of correspondence between the government and Clem's former counsel made its way into the hands of individuals known to Clem, who posted it on social media, outing the possible identities of cooperating witnesses.[29]  Those cooperating witnesses were subsequently threatened, causing them to fear for their safety.[30]

As of this writing, Clem has only served 27 months of his sentence, with more than 70% of his sentence left to serve.  Reducing Clem's sentence to time served would produce a sentence that no longer reflects the seriousness of his criminal conduct.  Nor would it provide adequate

---

[24] Id.

[25] Doc. 70 ¶ 67.

[26] Id. ¶ 18.

[27] Id. ¶ 44.

[28] Id. ¶ 9.

[29] Id. ¶ 11.

[30] Id.

deterrence or just punishment.  The Court finds that the 96-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors set forth in §3553(a) and punish the offense involved.  Accordingly, Clem's motion for compassionate release is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jacob R. Clem's Motion for Compassionate Release (Doc. 90) is **denied**.

**IT IS SO ORDERED.**

Dated: February 3, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE